[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS MOTION TO COMPEL RESPONSES TOINTERROGATORIES
The plaintiff, Insurance Company of Pennsylvania, filed seven interrogatories upon the defendant, First Financial Insurance Company. The interrogatories relate to the four special defenses raised in the defendant's answer to the complaint. The defendant has objected to each of the interrogatories.
With respect to those objections, the court rules as follows:
 Interrogatory 1 — Objection overruled. To the extent that the defendant claims that the property damage was to property excluded from coverage under the terms of the insurance policy, it should identify the property so excluded.
 Interrogatory 2 — Objection overruled. To the extent that the defendant claims that the insured failed to notify it of a receipt of process as required by the terms of the policy, it should identify the instances when that occurred.
 Interrogatory 3 — Objection overruled in part. To the extent that the defendant claims that the lack of cooperation by the CT Page 6171 insured defeats coverage, it should describe the instances supporting that claim. To the extent that the interrogatory seeks privileged material, the objection is sustained.
 Interrogatory 4 — Objection overruled in part. To the extent that the interrogatory seeks privileged material, the objection is sustained.
 Interrogatory 5 — Objection overruled. The defendant should identify the property damage it claims is excluded from coverage due to the so-called pollution exclusion.
 Interrogatory 6 — Objection overruled. The defendant should identify the costs and expenses it claims are excluded from coverage due to the so-called pollution exclusion.
 Interrogatory 7 — Objection overruled in part. To the extent that the interrogatory may be construed to seek privileged material, the objection is sustained.
The motion of the plaintiff to compel the defendant to respond to the interrogatories is granted. The defendant shall respond to the interrogatories in accordance with the above rulings.
So ordered at Hartford, Connecticut, this 6th day of May, 1998.
Robert J. Devlin, Jr., Judge